UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SILVANA NIKAJ, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF STATE,

Defendant.

CASE NO. C18-0496-JCC

ORDER

This matter comes before the Court on the parties' cross motions for summary judgment (Dkt. Nos. 18, 20). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS Defendant's motion and DENIES Plaintiffs' motion for the reasons explained herein.

I.    BACKGROUND

Plaintiffs Silvana Nikaj and her attorneys, Carney & Marchi, P.S., submitted a public records request seeking documents "relate[d] to [Plaintiff Nikaj's] 2004, 2008, and 2014 non-immigrant visa refusals," pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. (Dkt. No. 19-2.) In response to that request, Defendant United States Department of State (the "Government" or "Defendant") informed Plaintiffs that it had located 16 responsive records. (Dkt. No. 19-10.) Defendant informed Plaintiffs that it would release 2 of the documents in full,

1    but that it was withholding 12 of the documents in full and 2 of the documents in part. (*Id.*)

2    Plaintiffs unsuccessfully appealed the Government's decision. (Dkt. No. 19-12.) Subsequently,

3    Plaintiffs filed this lawsuit seeking to compel Defendant to produce all documents it identified as

4    responsive to Plaintiffs' FOIA request. (Dkt. No. 1.) The parties have both moved for summary

5    judgment on the issue of whether Defendant properly withheld documents pursuant to FOIA

6    Exemptions 3, 6, and 7. (Dkt. No. 18, 20.)

7    **II.**      **DISCUSSION**

8          **A.**        **FOIA Motion for Summary Judgment Legal Standard**

9          Because the facts are rarely in dispute in a FOIA case, the Court need not ask whether

10    there is a genuine dispute of material fact. *Minier v. Cent. Intelligence Agency*, 88 F.3d 796, 800

11    (9th Cir. 1996). Rather, the standard for summary judgment in a FOIA case generally requires a

12    two-step inquiry. First, the Court must determine whether the Government fully discharged its

13    obligations under FOIA by establishing that it conducted a search "reasonably calculated" to

14    uncover all responsive documents. *Zemansky v. U.S. Envtl. Prot. Agency*, 767 F.2d 569, 571 (9th

15    Cir. 1985) (citing *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

16    Then, the Court must decide if the information or redactions that the Government did not

17    disclose fall within a FOIA exemption. *See* 5 U.S.C. §§ 552(b)(1)–(9). This burden may be

18    satisfied with a *Vaughn* index describing the withheld material, explaining the reasons for non-

19    disclosure, and demonstrating that reasonably segregable material has been released, all with

20    reasonable specificity. *See Bowen v. U.S. Food & Drug Admin.*, 925 F.2d 1225, 1227 (9th Cir.

21    1991). These indexes are given a presumption of good faith and that presumption "cannot be

22    rebutted by 'purely speculative claims about the existence and discoverability of other

23    documents.'" *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999) (quoting

24    *SafeCard Servs., Inc., v. Secs. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)). The

25    burden of proof for both inquiries is on the Government and the Court reviews the Government's

26    response to the FOIA request *de novo*. 5 U.S.C. § 552(a)(4)(B). The parties do not dispute that

1  the Government conducted a search "reasonably calculated" to uncover all responsive

2  documents; instead, they dispute whether Defendant properly withheld material. (*See* Dkt. Nos.

3  18, 20.)

4  **B.      FOIA Exemptions**

5  The Government claims that all 14 documents are properly withheld under either

6  Exemptions 3, 6, or 7, or a combination thereof. (Dkt. No. 18.) Plaintiffs argue that none of the

7  Government's claimed exemptions warrant non-disclosure of the responsive documents. (Dkt.

8  No. 20.)

9  1.      Exemption 3

10  Under 5 U.S.C. § 552(b)(3)(A), information that is protected by a separate statute is

11  exempted from disclosure, provided that the statute (1) "requires that the matters be withheld

12  from the public in such a manner as to leave no discretion on the issue;" or (2) "establishes

13  particular criteria for withholding or refers to particular types of matters to be withheld." To

14  determine whether the Government has properly invoked Exemption 3, the Court must: (1)

15  determine whether the statute qualifies as an exempting statute under Exemption 3; and (2)

16  determine whether the requested material falls within the scope of the exempting statute. *See*

17  *Cent. Intelligence Agency v. Sims*, 471 U.S. 159, 167–68 (1985).

18  The Government argues that the Immigration and Nationality Act (INA), 8 U.S.C.

19  § 1202(f), prohibits the disclosure of all the withheld materials in this case. (Dkt. No. 18 at 6.)

20  8 U.S.C. § 1202(f) qualifies as an exempting statute under Exemption 3. *See Wiener v. Fed.*

21  *Bureau of Investigation*, 943 F.2d 972, 982 (9th Cir. 1991). Thus, the only issue is whether the

22  requested material falls within the scope of the statute. The statute prohibits the disclosure of

23  material "pertaining to the issuance or refusal of visas or permits to enter the United States . . . ."

24  8 U.S.C. § 1202(f). The Government withheld 12 documents in full and 2 documents in part

25  pursuant to Exemption 3. (Dkt. No. 18 at 7.) Plaintiffs argue that not all of the withheld material

26  falls within the scope of § 1202(f) because they only wanted material related to Plaintiff Nikaj's

1  visa applications, and not necessarily their denials, and because "not all documents referenced in

2  the denial were withheld to address the specific denial of the visa." (Dkt. No. 20 at 5–6.)

3        Both arguments are without merit. Plaintiffs' FOIA request specifically asks for

4  documents related to Plaintiff Nikaj's "2004, 2008, and 2014 non-immigrant visa refusals." (Dkt.

5  No. 19-2.) The FOIA request's own language requests documents that would fall squarely within

6  8 U.S.C. § 1202(f). And indeed, the *Vaughn* index's descriptions of documents withheld all

7  pertain to the visas' denials. (*See* Dkt. No. 19-1.) Therefore, the Court finds that Exemption 3

8  was properly invoked to withhold release of all of the withheld documents.

9        2.  <u>Exemption 6</u>

10       FOIA exempts from disclosure "personnel and medical files and similar files the

11  disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5

12  U.S.C. § 552(b)(6). With regard to the documents withheld pursuant to Exemption 6, the

13  Government contends that it redacted the identifying information of law enforcement and

14  consular officers. (Dkt. Nos. 18 at 7–8, 19-1.) Plaintiffs appear to agree that redaction was

15  appropriate here. (*See* Dkt. No. 20 at 6–7.) Therefore, the Court finds that Documents 6–9 and

16  12–14 were properly partially withheld under Exemption 6.

17        3.  <u>Exemption 7</u>

18       FOIA protects from disclosure certain "records or information compiled for law

19  enforcement purposes." 5 U.S.C. § 552(b)(7). FOIA enumerates six categories of records

20  compiled for law enforcement purposes that qualify as exempt from disclosure. S*ee id.* Only one

21  category is at issue here.[1] The Government argues that the materials withheld properly fall

22

---

23  [1] The Government actually asserts two of the six categories as bases for its withholding. (*See*
   Dkt. No. 18 at 10–11.) Specifically, the Government argues that it withheld some documents
24  because they "could reasonably be expected to constitute an unwarranted invasion of personal
   privacy," falling within 5 U.S.C. § 552(b)(7)(C). (Dkt. No. 18 at 10.) However, the parties
25  appear to agree that the Government properly partially withheld Documents 6–9 and 12–14
   under Exemption 7(C) for the same reason that it properly withheld those same documents under
26  Exemption 6. *See supra* Section II.B.2.

within Exemption 7 because they "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law," falling within 5 U.S.C. § 552(b)(7)(E). (Dkt. No. 18 at 11.)

To show that a mixed function agency compiled the documents for law enforcement purposes, the Government "must demonstrate that it had a purpose falling within its sphere of enforcement authority in compiling the particular document[s]." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 748 (9th Cir. 1979), overruled on other grounds by *Animal Legal Defense Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). An administrative determination that has the "salient characteristics of 'law enforcement' contemplated" qualifies as compilation "for law enforcement purposes." *Ctr. for Nat'l Policy Review on Race & Urban Issues v. Weinberger*, 502 F.2d 370, 371 (D.C. Cir. 1974); *see Church of Scientology Int'l v. U.S. Internal Revenue Serv.*, 995 F.2d 916, 919–20 (9th Cir. 1993) (finding the *Weinberger* court's reasoning persuasive).

Once the Government has shown that the information was compiled for law enforcement purposes, the Government must show that "the technique or procedure at issue is not well known to the public, and must describe the general nature of the technique or procedure at issue, although it need not provide specific details." *Shannahan v. Internal Revenue Serv.*, Case No. C08-0452-JLR, Dkt. No. 56 at 17–18 (W.D. Wash. 2009) (citations omitted).

The Government's determination about whether visa applications should be approved or denied, pursuant to U.S. immigration laws, is an administrative determination that has the "salient characteristics of 'law enforcement contemplated.'" *See Weinberger*, 502 F.2d at 371. The Government compiled Documents 1 and 4–14 in order to determine whether Plaintiff Nikaj met the INA's qualifications for visa issuance. (*See* Dkt. No. 19-1.) The Government has shown that, in responding to Plaintiffs' FOIA request, its purpose fell within its sphere of INA enforcement authority and that the records were "compiled for law enforcement purposes." *See* 5

U.S.C. § 552(b)(7)(E).

The steps taken to assess visa eligibility are not well-known to the public, and the Government certifies such in the *Vaughn* index. (*See* Dkt. No. 19-1.) In the *Vaughn* index, the Government also properly describes the general nature of the technique or procedure at issue for each withheld document. (*Id.*) For example, the Government asserts that some of the documents were withheld because they disclose the Government's process for preventing and tracking fraud, and some documents were withheld because they disclose the Government's biometric identification techniques. (Dkt. No. 19-1 at 3, 6.) Disclosure of the Government's visa application processes could lead to circumvention of the law because it could allow potential applicants to cover up damaging information. Therefore, the Government has shown that Documents 1 and 4–14 were properly withheld because they "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law," properly falling within Exemption 7(E). *See* 5 U.S.C. § 552(b)(7)(E).

III.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 18) is GRANTED and Plaintiffs' motion for summary judgment (Dkt. No. 20) is DENIED.

DATED this 25th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE